LANE LIFEBOAT & DAVIT EMPLOYEES' ASSOCIATION, an Unincorporated Association Consisting of Seven or More Members, Plaintiff, v. LANE LIFEBOAT & DAVIT CORPORATION, Defendant.

Municipal Court of the City of New York, Borough of Queens, March 13, 1945.

*Filardi & Ferri* for plaintiff.

*David Feyer* for defendant.

*Michael Rosenstein* for United Construction Workers, *amicus curiæ.*

PETTE, J.   This action was instituted to recover the sum of $122.50, which represents union dues of the members of the plaintiff union, which were alleged to have been collected of the members of the plaintiff union by the defendant, pursuant to a written contract dated February 29, 1944.   The plaintiff claimed that the aforesaid dues were to have been remitted to the plaintiff union on December 8, 1944, under a method of collection known as the " check-off system ".

The defendant's answer alleged a general denial and a separate defense predicated upon a proceeding then pending before the National Labor Relations Board, and that the determination of that Board took precedence over the ruling of this court, and that therefore this court lacked jurisdiction over the subject matter.

Upon the trial, it was conceded that there were no questions of fact, and that the only question before the court was one of law as to whether this court had jurisdiction to enforce the contract between the plaintiff and defendant.   After noting the appearances of counsel upon the record, the court concluded the trial and directed that briefs be filed for both sides.

The United Construction Workers, affiliated with the United Mine Workers of America, requested leave to file a brief to assist the court in the determination of the issues, and said leave was granted.

The objection raised by the defendant that the court lacks jurisdiction over the plaintiff is the fundamental issue to be decided.

An examination of the facts and conclusions of law contained in the order of the National Labor Relations Board is of primary importance in reaching the correct conclusion herein.

Subdivision (a) of section 10 of the National Labor Relations Act (U. S. Code, tit. 29, § 160, subd. [a]) provides: "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice affecting commerce. This power shall be *exclusive,* and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise." (Italics supplied.)

It is the opinion of the court that the National Labor Relations Board had exclusive jurisdiction of the subject matter and that cognizance must be taken of its order, parts of which are pertinent to the present case, to wit:

" the National Labor Relations Board hereby orders that the respondent, Lane Lifeboat & Davit Corporation, and its officers, agents, successors, and assigns, shall:

" 1. Cease and desist from: * * *

" (b) Giving effect to any and all contracts, supplements thereto or modifications thereof, with Lane Lifeboat & Davit Employees' Association * * *.

" 2. Take the following affirmative action, which the Board finds will effectuate the policies of the National Labor Relations Act:

" (a) Withdraw all recognition from Lane Lifeboat & Davit Employees' Association as the representative of any of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or other conditions of employment, and completely disestablish said Lane Lifeboat & Davit Employees' Association as such representative * * *.".

This order, made on February 7, 1945, recognizes the United Construction Workers, Division of District 50, United Mine Workers of America, as the sole collective bargaining agent of all production and maintenance employees of the defendant herein (Conclusion of Law 5; Order par. 2, subd. [b]).

The aforesaid order of the National Labor Relations Board was based upon the unfair labor practices committed by the company. Under the provisions thereof, the company union has been declared to be an illegal entity and any contracts which grew out of this relationship can be given no legal effect (Findings of Fact III, subd. A).

The " cease and desist " provisions of the order are not merely a direction to the defendant to refrain from doing a future act, but must be construed to carry out affirmative action concerning the unfair labor practices which were found as a conclusion by the National Labor Relations Board, which was expressly created by the Federal Government for that purpose. The disestablishment of the plaintiff union operated to deprive this court of jurisdiction upon the alleged issues of the pleadings. The National Labor Relations Board had fundamental jurisdiction and power to make the determination of February 7, 1945, by which this court must be guided.

In view of the foregoing, it is unnecessary to consider the other issues with respect to the alleged defect in the parties plaintiff, an unincorporated association. In any event this objection may be deemed waived by reason of the fact that the defendant failed to comply with the provisions of section 278 of the Civil Practice Act.*

By reason of the foregoing, the motion of the defendant to dismiss the complaint upon the merits is granted.

---

* This section provides that an objection on the ground that there is a defect of parties appearing on the face of a pleading is waived unless taken by motion. — [REP.